# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JASON FERGUSON and PAUL TEITLER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CBD AMERICAN SHAMAN, LLC, and STEPHEN VINCE SANDERS II <br><br> Defendants. | Case No. 4:25-cv-00028-SRB |

## JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULE

All parties in the above-captioned matter jointly submit this Rule 26(f) Report and Proposed Scheduling Order in advance of the Court's conference scheduled for April 15, 2025.

## I. Parties' Rule 26(f) Report

The parties conducted an initial conference under Fed. R. Civ. P. 26(f) via telephone on March 11, 2025. The conference was attended by the following: Joel D. Smith and Gregg Zucker (attorneys for Plaintiffs); and Nolan Jackson and Austin Hatfield (attorneys for Defendants). The parties discussed the following during the conference:

  A. **Initial Disclosures:** the parties have exchanged initial disclosures. Defendants do not intend their exchange of initial disclosures as a waiver of any arguments made in Defendants' motion to compel arbitration and stay proceedings (Doc. No. 16) or motion to dismiss (Doc. No. 17), or any arguments they may make in future such motions.

B. **Electronic Service:** the parties agreed to serve electronically all papers in this action, including discovery requests and responses. Paper copies need not be mailed.

C. **ESI Principles and Checklist:** Plaintiffs advised that they intended to serve their initial discovery requests promptly, so that they may provide context for further discussion concerning Court's ESI Principles and Checklist. Plaintiffs served their first set of discovery responses on March 12, 2025. The parties intend to discuss relevant portions of ESI Principles and the Checklist in future meet and confer discussions regarding Plaintiffs' discovery requests.

D. **Mediation and Assessment Program ("MAP"):** The parties discussed the Court's inclusion of the case in the MAP. Defendants subsequently informed Plaintiffs of their intention to seek an exemption from the MAP. The parties met and conferred on March 24, 2025, regarding Defendants' exemption request, during which Plaintiffs stated they opposed the requested exemption. Defendants submitted their exemption request on March 24, 2025. The MAP Director denied Defendants' request; directed the parties to file, by April 3, 2025, a designation of neutral stating only that the MAP Director deferred the MAP deadlines and that the parties will file an amended designation as requested by the MAP Director or ordered by the Court, and instructed the parties to provide a status report on May 28, 2025.

II. **Joint Proposed Scheduling Order**

A. <u>**Plaintiffs' Proposal**</u>.

Plaintiffs respectfully ask the Court to set a briefing schedule for Plaintiffs' anticipated motion for class certification and defer setting other pretrial deadlines until after resolution of that motion. The outcome of that motion will impact the timing and scope of other pre-trial

1

events, such as class notice, interlocutory appeals, and whether dispositive motions or trial will be directed at individual or class wide claims. This proposal is consistent with schedules approved by this Court in other class actions. *See*, *e.g.*, *Browning v. Anhueser-Busch, LLC.*, Case No. 4:20-cv-00889-SRB (ECF No. 45) ("[T]he Court hereby enters the following schedule related to class certification, and [i]f and when a class is certified, the Court will enter a schedule governing the second stage in this proceeding and set the matter for trial"). Plaintiffs propose that the Court schedule a case management conference after it issues an order on the motion for class certification and require the parties to meet and confer regarding the remainder of the pre-trial schedule at that time.

Plaintiffs' proposed schedule for class certification is as follows:

| Event | Date |
|---|---|
| Motion for class certification and supporting expert reports. | January 20, 2026 |
| Opposition to motion for class certification and supporting expert reports. | March 20, 2026 |
| Reply in support of class certification. | May 1, 2026 |
| Hearing on motion for class certification | May 20, 2026, or as soon thereafter as may be heard by the Court |

Plaintiffs respectfully disagree with Defendants' proposal below to stay or bifurcate discovery and believe that Defendants' request to stay and/or bifurcate discovery should be made via a motion, not this Rule 26(f) Report. Plaintiffs oppose the stay of discovery because several of the requests that have already been served are relevant to Defendants' motion to compel arbitration, and because the requested stay is contrary to Local Rule 26.1(b). By seeking a stay of discovery, Defendants are attempting to withhold evidence necessary to test arguments they

made in support of arbitration, or that may be used if the Court concludes the pleadings are deficient in any respect.

As for bifurcation, although Plaintiffs intend to focus their discovery efforts on class certification so that the motion can be filed as quickly as possible, they have four objections to bifurcation:

1. ***Bifurcation invites discovery disputes***: There is substantial overlap between class and merits discovery, and as other courts have concluded, "[i]f bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification" discovery.'" *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009); *see also Mogollon v. Bank of New York Mellon*, 2024 WL 4406959 at *1-6 (N.D. Tex Feb. 14, 2024) (providing lengthy analysis concerning problems with bifurcation of class and merits discovery). Moreover, much of the discovery here is relevant to both merits and class certification anyway, such as: (1) the number of products sold during the class period, and the total amount of profits received by Defendants (relevant to numerosity and damages); (2) documents relevant to Plaintiffs' allegations that the products are deceptively labeled and illegal to sell (relevant to commonality and predominance, as well as the merits); and (3) any affirmative defenses that Defendants may later assert in their answer or otherwise raise in this case (relevant to the extent that Defendants argue that any of affirmative defenses support denial of class certification).

2. ***Defendants' proposal is inefficient because it would require Defendants' witnesses to be deposed twice***: Under Defendants' proposal, their witnesses will need to be deposed twice—once during the first phase, and then again during the merits phase after Defendants produce additional documents that they withheld during the first phase. That

3

outcome is costly and inefficient. It will also create further opportunities for discovery disputes because Defendants will not want to produce any of their witnesses twice.

3. ***Defendants' proposal is one-sided***: when Plaintiffs are deposed, Defendants will either (1) want to seek merits discovery from the Plaintiffs rather than limit their examination to issues concerning adequacy or typicality as a class representative; or (2) argue that every conceivable merits-related topic pertains to adequacy or typicality. For their part, Plaintiffs intend to answer all questions and produce all documents whether related to merits or class certification to avoid the need to be deposed twice. Thus, if this matter is bifurcated, Defendants will seek and obtain merits-related discovery from Plaintiffs while withholding merits-related discovery from them.

4. ***Bifurcation is inefficient because merits discovery will still be necessary if the Court denies certification***. "'Courts are more likely to decline requests to stay pure merits discovery when the nature of the putative representative's claims suggests that it would continue to prosecute individual claims if certification is denied . . .'" *Mogollon*, 2024 WL 4406959 at *5 (quoting *McLaughlin on Class Actions* § 3:10). Here, denial of class certification would not terminate the litigation because in addition to monetary relief, Plaintiff Ferguson seeks public injunctive relief under California's UCL and CLRA to shut down the distribution and sale of Defendants' drugs in California. *See* FAC, at ¶¶ 90, 110. Certification under Rule 23(b)(2) is unnecessary to obtain public injunctive relief under those statutes. *See Miller v. Peter Thomas Roth, LLC*, 2020 WL 363043 at *2 (N.D. Cal. Jan. 22, 2020) (under the UCL, "[a] private plaintiff may request a statewide injunction without a class . . . .").

B. **Defendants' Proposal.**

Defendants' position is that it is premature to set any deadlines other than a briefing

4

schedule for Defendants' motions. Defendants have filed a motion to compel arbitration and stay proceedings (Doc. No. 16) and motion to dismiss (Doc. No. 17). If granted, the motion to dismiss would dispose of the entire case. Similarly, if granted, the motion to compel arbitration and stay proceedings would pause all proceedings, including discovery and potential class certification. On March 24, 2025, the parties met and conferred about whether they could agree that discovery should be stayed, including Plaintiffs' already-served discovery requests. The parties were unable to reach an agreement, and therefore, Defendants will file a motion to stay Rule 26 and class certification discovery pending resolution of Defendants' motions.

Nevertheless, under Local Rule 16.1(d), the proposed scheduling order "must" include the following:

    a.  LR 26.1(c) Discovery Plan:

Under Local Rule 26.1(c), the parties' Proposed Scheduling Order "must . . . [p]ropose a date by which all discovery must be completed, and state the facts, such as the complexity of the issues, which the attorneys considered in arriving at the proposed deadline for the completion of all discovery." However, "if the parties believe that it is impossible to propose a realistic deadline under Rule 26.1(c) by the deadline of Rule 16.1(b), they must file a preliminary discovery plan" under LR. 26.1(d). A preliminary discovery plan "must: 1. Explain in detail why a deadline for completion of all discovery cannot be proposed; 2. Suggest a date for completing all discovery; and 3. Suggest a date by which the parties must file a plan fully complying with Rule 26.1(c)." *Id.*

Defendants contend that it is impossible to propose a "realistic deadline" for a discovery plan while their motions are pending. Defendants cannot propose any deadlines "by which all discovery must completed" without knowing the date of the Court's future order resolving their

motions. Also, Defendants cannot propose any deadlines without knowing whether any or all the Plaintiffs' claims will remain in this action. In accordance with Defendants' intention to file a motion to stay discovery, Defendants' suggested date for completing discovery is bifurcated for class-certification discovery and fact discovery under Fed. R. Civ. P. 26. *See* 3 Newberg and Rubenstein on Class Actions § 7:17 (6th ed.) ("Where certification and merits discovery are separable, a court may bifurcate the two phases—essentially staying merits discovery.").

Regarding class certification discovery, Defendants propose completing class certification discovery within six months from the entry of the Court's order denying (in part or full) Defendants' motion to dismiss. This provides Plaintiffs with the same amount of time for the class certification stage as their proposal above but would stay discovery pending the resolution of Defendants' motions. Similarly, regarding fact discovery, Defendants adopt Plaintiffs' proposal to postpone fact discovery until after the Court has resolved Plaintiffs' motion for class certification, for all the reasons stated by Plaintiffs above. Defendants further propose completing all fact discovery within six months from the entry of the Court's order granting or denying Plaintiffs' motion for class certification. Finally, Defendants suggest that the parties could "file a plan fully complying with Rule 26.1(c)" within 14 days after the entry of each of the Court's relevant orders discussed above.

  b. Joinder of Parties:

Defendants propose that the date limiting joinder of parties would be thirty days from the entry of the Court's order denying (in part or full) Defendants' motion to dismiss.

  c. Filing motions:

In accordance with Local Rule 16.1(d)(2), Defendants propose that the date limiting the time to file dispositive motions would be thirty days from the completion of the fact discovery

6

discussed above. Defendants adopt Plaintiffs' proposal for the date limiting the time to file motions for class certification.

        d. Trial date and length:

Defendants respectfully request that the Court defer entering a scheduling order concerning the number of days necessary for trial and the date of trial, as it is unknown whether Plaintiffs' motion for class certification will be granted, which of Plaintiffs' claims may be dismissed, and which of Plaintiffs' claims may be dismissed at the dispositive motion stage. Pursuant to the Court's Rule 16 Notice, Defendants propose that the trial date would be no sooner than 120 days after the deadline proposed for filing dispositive motions. (Doc. No. 7).

        e. Protective Order/ ESI Document Production Protocol:

Pursuant to Local Rule 16.1(d)(6), the parties discussed the entry of a Protective Order and ESI / Document Production Protocol, and the parties have begun preparing both documents and will submit them for the Court's review and consideration. Defendants' position is that a protective order is appropriate for discovery and deposition testimony concerning Defendants' revenue and other financial and proprietary business information.

Dated: March 31, 2025

                                    Respectfully submitted,

                                    /s/ Joel D. Smith
                                        Joel D. Smith

                                  SMITH KRIVOSHEY, PC
                                  Joel D. Smith (pro hac vice forthcoming)
                                  867 Boylston Street
                                  5th Floor, Ste. 1520
                                  Boston, MA 02116
                                  Phone: 617-377-7404
                                  E-Mail: joel@skclassactions.com

                                  SMITH KRIVOSHEY, PC

Yeremey O. Krivoshey
(pro hac vice forthcoming)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

OPPENHEIMER LAW, LLC
Leo B. Oppenheimer MO #75073
J. Broc Exposito MO #72793
3145 Broadway Blvd.
Kansas City, MO 64111
Tel: (816) 375-6408
Fax: (816) 375-6409
BExposito@Oppenheimer-Law.com
LOppenheimer@Oppenheimer-Law.com

*/s/* Nolan M. Jackson
Nicholas Porto
The Porto Law Firm
1616 West 45th Street
Kansas City, MO 64111
Phone: (816) 463-2311
Fax: (816) 463-9567
nporto@portolaw.com

Nolan M. Jackson (admitted *pro hac vice*)
Frost Brown Todd LLP
20 F Street NW, Suite 850
Washington, DC 20001
Phone: (202) 292-4150
Fax: (202) 292-4151
njackson@fbtlaw.com

J. Austin Hatfield (admitted *pro hac vice*)
Frost Brown Todd LLP
400 West Market Street, 32nd Floor
Louisville, KY 40202
Phone: (502) 589-5400
Fax: (502) 581-1087
ahatfield@fbtlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that the foregoing document was filed on March 31, 2025, via the Court's CM/ECF system, which shall send electronic notice of the same to the following counsel of record:

Nicholas Porto
Porto Law Firm
1616 W. 45th St.
Kansas City, MO 64111
816-463-2311
Fax: 816-463-9567
Email: nporto@portolaw.com

John Austin Hatfield
Frost Brown Todd LLP
400 W. Market Street
32nd Floor
Louisville, KY 40202
502-779-8770
Email: ahatfield@fbtlaw.com

Nolan Jackson
Frost Brown Todd LLP
20 F Street NW
Suite 850
Washington, DC 20001
202-292-4165
Email: njackson@fbtlaw.com

                                                            /s/    Joel D. Smith
                                                            *Counsel for Plaintiffs*